**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Leslie Swinson a/k/a Leslie Goff, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20-CV-50342 |
| vs. | ) | Magistrate Judge Margaret J. Schneider |
| | ) | |
| MCCI of Sycamore, LLC | ) | Honorable Iain D. Johnston |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT**

**COUNT I**

1. This Count I is for employment discrimination.

2. The plaintiff is Leslie Swinson of the county of DeKalb in the state of Illinois.

3. The defendant is Lincolnshire Place, whose street address is 710 Vellagio Drive, Sycamore, DeKalb, Illinois 60178.  Defendant's telephone number is 815-895-9870.

4. The plaintiff sough employment or was employed by the defendant at 710 Vellagio Drive, Sycamore, DeKalb, Illinois 60178.

5. The plaintiff

    (a) __ was denied employment by the defendant.

    (b) __ was hired and is still employed by the defendant.

    (c) _**X** was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, August 16th, 2018.

7.1 (a) the defendant is not a federal governmental agency, and the plaintiff _**X**_ has ___has not filed a charge or charges against the defendant

asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i)        _**X**_ the United States Equal Employment Opportunity Commission, on or about April 17, 2019.

(ii)        ___ the Illinois Department of Human Rights, on or about _____, ___.

(b)  if charges were filed with an agency indicated above, a copy of the charge is attached.  _**X**_ Yes, ___ No, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received.  The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The Defendant is a federal governmental agency, and

(a) The plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

___ Yes (date) _____, _____.

___ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on August 7, 2020.

(c) Attached is a copy of the

(i)        Complaint of Employment Discrimination,

_**X**_ Yes   ___ No, but a copy will be filed within 14 days.

(ii)        Final Agency Decision

___ Yes  ___ No, but a copy will be filed within 14 days.

8.  (a) ___ the United States Equal Employment Opportunity Commission has not issued a Notice of Right to Sue.

(b)  _**X**_ the United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue, which was received by the plaintiff on August 7th, 2020, a copy of which Notice is attached to this complaint.

9.  The defendant discriminated against the plaintiff because of the plaintiff's:

(a)  ___ Age (Age Discrimination Employment Act).

(b)  ___ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(c)  ___ Disability (Americans with Disabilities Act or Rehabilitation Act).

(d)  ___ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e)  ___ Race (Title VII of the Civil Rights Act of 1964 and U.S.C. §1981).

(f)  ___ Religion (Title VII of the Civil Rights Act of 1964).

(g)  _**X**_ Sex (Title VII of the Civil Rights Act of 1964).

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. §1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows:  for Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); for 42 U.S.C. §1981 and §1983 by 42 U.S.C. §1988; for the ADA by U.S.C. §12117; for the Rehabilitation Act, 29 U.S.C. §791; and for the ADEA, 29 U.S.C. §626(c).

12. The defendant:

(a) ___ failed to hire the plaintiff.

(b) _**X**_ terminated the plaintiff's employment.

(c) ___ failed to promote the plaintiff.

(d) ___ failed to reasonably accommodate the plaintiff's religion.

(e) ___ failed to reasonably accommodate the plaintiff's disabilities.

(f) _**X**_ failed to stop harassment;

(g) _**X**_ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ___ other _____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

I began my employment with Defendant on or about May 5th 2016.  During my employment I was subjected to sexual harassment.  I complained, subsequently, I was discharged.  In approximately February 2018 until my termination, I was subjected to a harassing and hostile working environment by a housekeeper named Archie M. Archie began his campaign of harassment which led to him chasing me throughout the Lincolnshire's facility, cornering me in resident rooms and battering me by touching me in a sexual and unwanted way.  When the harassment / battery first started I reported the harassment to the two night nurse supervisors on duty: Annie H LPN, and Christie S. R.N., several times and I assumed they would report my complaints to the appropriate person.  However, the harassment continued towards me as a daily event, I felt trapped and abused.

I sought out counseling from Ben Gordon to help me deal with the trauma of abuse done to me.  In about June 2018 I was able to voice concern to my fiancé about what

was going on at work with Archie on a daily basis seeking me out in the facility.  My

fiancé confronted Archie outside of Lincolnshire time to tell him to leave me alone and

never touch me again or we will be seeking law enforcement.  Archie apologized and

never touched me again after that.  In approximately July 2018, I started noticing Archie

coming into work earlier and earlier and entering residents' rooms and closing the door

behind him.  Archie has no right to enter a resident room and close any door behind

himself in any resident's room at any given time.  There are cameras in the hallways

documenting video 24 hours a day that will clearly show all abuse as set forth in the

charges against Archie, including that Archie touched me unwantedly at the nurses'

station on both sides of building 100 and 200 sides from February to June 2018 nearly

every time we were scheduled.

He is not a healthcare worker and he has no right to touch anyone for his own

amusement.

Given what Archie had done to me, I feared for my residents' safety that I swore to

care for since I became a CNA in 2005.  Again, I went to Annie H., Nursing Supervisor

on duty on August 14, 2018.  I understand that Annie reported the behavior to

Lincolnshire Place Director of Nursing Jaime Curtis and Administrator Tina Thompson

the following morning during the morning nursing report.  When Tina called me that

morning, she admonished me for not coming directly to her when it started towards me.

I told her "that I was afraid for myself, but when I did realize what could be happening to

residents with this man I told the nurse on duty immediately of my concerns."

Tina instead of terminating the offending harasser suggested that I keep working

with him if he promised not to come by me.  When I told Tina that this was an

unacceptable solution (particularly because the solution made no accommodation for protecting the residents of Lincolnshire Place) Tina became defensive again telling me "I'll just terminate him." And hung up on me. Tina called back shortly after and apologize for talking the way she did and hanging up. I told her "it's fine, but I need to sleep because I have to work tonight and my kids will be getting home in a little while. She told me to "have a good night at work tonight." I said, "Thanks" and we got off the phone.

On August 16, 201 went to work at 10 pm and there was an additional float aide in the building for a total of 3 CNAs. I completed my first rounds with the residents on the 100 side of the building. I became violently ill in front of my nurse supervisor (throwing up etc.) I informed Annie H. LPN that I was too ill to continue working with the residents and I need to leave immediately. I reminded her of the extra float CNA "Cody" to come over and take over for me till 0630 when he would be leaving for the next shift. I gave report to Annie who is a nurse and is capable of relaying a report to Cody the CNA who relieved me and I radioed Cody to come over from 200 side to 100 sides to take over for me as I was going home sick.

I even wrote a note to Tina informing her of my illness and that I reported care of residents to nurse Annie, who then reported to Cody, the CNA that relieved me. I stuck the note in her mailbox at 0130 and left the building.

I was unable to care for the residents in my current state and I reported to the nurse, so therefore I did not abandon the residents at Lincolnshire Place on August 16th 2018 at 0130.

Later the same day, at 1200 I received a call from Tina Thompson informing me that I was terminated for leaving during my shift. I told her that I was sick and that I had the float able to cover my shift without a lapse of care to any resident and even wrote the note in her mailbox. She did not want to hear anything I had to say and hung up the phone on me.

Clearly, I was ultimately terminated on August 16th 2018 and retaliated against for reporting the sexual harassment and whistleblowing on August 15th 2018. I am prepared to defend my rights and correct these wrongs in court judged by a jury of my peers.

I have filed this complaint in a timely manner and I am asking the Court to review this case and direct the Defendant to apologize for wrongful termination and pay monetary damages, emotional distress, punitive damages of $80,000 and any other relief the court may find appropriate.

14. Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. _**X**_ Yes ___ No

16. Therefore, the plaintiff asks that the court grant the following relief to the plaintiff:

(a) ___ Direct the defendant to hire the plaintiff.

(b) ___ Direct the defendant to re-employ the plaintiff.

(c) ___ Direct the defendant to promote the plaintiff.

(d) ___ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ___ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f)  _**X**_ Direct the defendant to apologize for wrongful termination and pay monetary damages, emotional distress, punitive damages of $80,000, and any other relief the court may find appropriate.

(g)  _**X**_ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reason able attorney fees and expert witness fees.

(h)  _**X**_ Grant such other relief as the Court may find appropriate.


## COUNT II

### Retaliatory Discharge

Plaintiff, Leslie Swinson a/k/a Leslie Goff, by and through the undersigned counsel, pleads,) in the alternative, Count II of her Complaint against Defendant, MCCI of Sycamore, LLC ("Defendant"), states as follows

17.  This Court has supplemental jurisdiction over this Count II pursuant to 28 U.S.C. Section 1367(a).

18 – 21.  Plaintiff repeats and realleges the allegations of Paragraphs 2 through 5 of Count I of Plaintiff's Complaint as Paragraphs 18 through 21 of this Count II as if fully set forth herein.

22.  Defendant is an assisted living facility which specializes in dementia care.

23.  Plaintiff repeats and realleges the following from Paragraph 13 of the Complaint:

In approximately July 2018, [Plaintiff] started noticing Archie coming into work earlier and earlier and entering residents' rooms and closing the door behind him. Archie has no right to enter a resident room and close any door behind himself in any resident's room at any given time.

He is not a healthcare worker and he has no right to touch anyone for his own amusement.

Given what Archie had done to [Plaintiff], [Plaintiff] feared for my residents' safety that [Plaintiff] swore to care for since [Plaintiff] became a CNA in 2005. Again, [Plaintiff] went to Annie H., Nursing Supervisor on duty on August 14, 2018. [Plaintiff understood] that Annie reported the behavior to Lincolnshire Place Director of Nursing Jaime Curtis and Administrator Tina Thompson the following morning during the morning nursing report. When Tina called [Plaintiff'] that morning, she admonished [Plaintiff] for not coming directly to her when it started towards [Plaintiff]. [Plaintiff] told her "that I was afraid for myself, but when I did realize what could be happening to residents with this man I told the nurse on duty immediately of my concerns."


24. Defendant's employee, Archie, was a member of Defendant's housekeeping staff.

25. Plaintiff believed that Archie's presence alone in residents' rooms with closed doors, together with his harassment of Plaintiff as alleged in Plaintiff's Complaint, was a violation of state law and regulations, and Defendant's policies and she reported that conduct to her supervisor.

26.     Defendant terminated Plaintiff's employment in retaliation for Plaintiff's complaint to her supervisor regarding Archie's behavior, which complaint is an exception to the employment-at-will doctrine based on the established public policy of the State of Illinois to protect whistleblowers, and to protect health and welfare of residents of nursing homes and similar facilities by protecting employees who report suspected violations (see, Section 3-810 of the Illinois Nursing Home Care Act, 210 ILCS 45/3-810).

27.   Defendant's termination of Plaintiff's employment violated the public policy of Illinois.

28.   Plaintiff suffered damages as a result of the wrongful termination of her employment by Defendant, including emotional distress and anxiety.

WHEREFORE, Plaintiff hereby demands judgment her favor and against Defendant, and an award of all damages to which she is entitled, including without limitation damages for lost wages and emotional distress, and such other relief as this Court deems just.

Dated:  September 30, 2021

Respectfully submitted,

PICCIONE, KEELEY & ASSOCIATES, LTD.

*/S/Patrick C. Keeley*
One of Plaintiff's Attorneys

Patrick C. Keeley, ARDC 03124539
Alison S. Franklin, ARDC 6198582
Mark W. Tader, ARDC 6190850
Piccione, Keeley & Associates, Ltd.
122C South County Farm Road
Wheaton, IL 60187
630-653-8000
630-653-8029 (fax)

Pkeeley@pkalaw.com
Afranklin@pkalaw.com
Mtader@pkalaw.com
ledland@pkalaw.com

## CERTIFICATE OF SERVICE

I declare that I am employed in the County of DuPage, Illinois, over the age of eighteen years, and not a party to the within cause. My business address is 122C South County Farm Road, Wheaton, IL 60187.

On ___9/30/21___, I served the within to the following:

*VIA CM/ECF*

Jon Zimring
Greenberg Traurig, LLP
77 West Wacker Street
Suite 3100
Chicago, IL 60601
zimringj@gtlaw.com

Kara E. Angeletti
Greenberg Traurig, LLP
77 West Wacker Street
Suite 3100
Chicago, IL 60601
angelettik@gtlaw.com

Laura Luisi
Greenberg Traurig, LLP
77 West Wacker Street
Suite 3100
Chicago, IL 60601
luisil@gtlaw.com

[ ] BY MAIL – As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Wheaton, Illinois in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices.

[ X ] FEDERAL E-FILE - As follows: I caused the document to be electronically filed with the ECF system which constitutes service upon all counsel of record pursuant to the rules of this Court. I am employed in the office of, or am, a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of Illinois and the United States of America that the above is true and correct.

Executed on _9/30/21_ .

_Leslie A. Edland_ (signature)

Leslie A. Edland